## 10428

### HOPKINS v. SMATHERS.

#### (104 S. E. 30.)

1. CONTINUANCE—SHOULD BE ALLOWED ON ACCOUNT OF ENGAGEMENT OF COUNSEL IN OTHER COURT.—The County Judge on defendant's motion erred in not continuing the case on account of defendant's counsel being a witness and interested in the Court of General Sessions; the County Court being inferior to the Circuit Court, whose terms are fixed by law.

2. PRINCIPAL AND AGENT—AGENCY AND RATIFICATION ARE QUESTIONS OF FACT.—Agency is a question of fact for the jury, as is ratification of agency, and if there was any competent evidence as to such issues, the trial Court was right in submitting it to the jury.

3. PRINCIPAL AND AGENT—AGENCY NOT PROVABLE BY MERE DECLARATION OF PARTY.—The mere declaration of a party that he is the agent of another will not prove his agency.

4. Principal and Agent—No Presumption of Agency to Sell from Possession of Automobile to Wash It.—Where plaintiff bought the car of another from a person with whom it had been left to be washed, doing so at his peril and without proper inquiry, there was no presumption raised of agency to sell for the owner in the person having possession of the car to wash it.

5. Principal and Agent—Evidence Insufficient to Sustain Finding of Agency.—In an action by plaintiff, claiming to have purchased defendant's automobile from one who had possession to wash it, and that such person in possession was defendant's agent to sell, evidence *held* insufficient to justify any finding of such agency to sell in the person who had possession, or ratification of his act in selling by defendant owner.

Before Whaley, J., County Court, Richland, June, 1918. Reversed.

Action by Jas. W. Hopkins against Herbert C. Smathers for delivery of an automobile. Verdict for plaintiff, and defendant appeals.

*Mr. C. T. Graydon,* for appellant, cites: *Continuance within discretion of trial Judge, unless discretion is abused:* 78 S. C. 264; 93 S. C. 412; 93 S. C. 460. *Where sole counsel engaged in other and higher Court continuance improperly denied:* 50 S. E. 1129 (Ga.). *Person dealing with alleged agent must know and act upon facts and circumstances tending to create agency:* 55 S. C. 568.

*Messrs. Jas. S. Verner* and *A. W. Holman,* for respondent. Oral argument.

The opinion of the Court was delivered by Mr. Justice Watts.

This case was tried before County Judge Whaley, and a jury, and resulted in a verdict for the plaintiff for $355. After entry of judgment defendant appealed. Exceptions 1 and 2 allege error on the part of his Honor in not continuing the case on account of defendant's counsel being a witness and interested in the Court of General Sessions.

From the affidavit presented to his Honor and what took place when motion was made, we are decidedly of the opinion that his Honor was in error in not continuing the case as moved for, and erroneously exercised his discretion.

The County Court is an inferior Court to the Circuit Court. The terms of Circuit Court are fixed by law; that of the County Court is not. When an attorney is engaged to represent parties in both Courts, and there is a conflict of the terms of the two Courts, the inferior Court must yield and be subordinate to that of the superior Court. The attorney must appear and represent his clients in the superior Court. Under the facts in the case the exceptions must be sustained. The other exceptions complain of error on the part of his Honor in the admission of evidence, not granting the motion of defendant for a nonsuit, or directed verdict, in the exclusion of evidence offered by defendant, and in his charge to the jury, and refusal to charge jury requests of the defendant.

Agency is a question of fact for the jury. So is ratification of agency. If there is any competent evidence in the case as to these issues, his Honor was right in submitting it to the jury. So we will have to look at the evidence and see if such inference can be drawn.

Was there any evidence in the case to hold the defendant as principal and Rhodes as agent? The possession by Rhodes of Smathers' car is explained. It was left with Rhodes to be washed. This is done every day. Hopkins admits that he did not know Smathers was in the transaction until he failed to get the car from Rhodes. He did not know anything about the car; had never seen it before. Plaintiff gave check to Rhodes, and Rhodes got it washed. Smathers' name did not appear in the check transaction. Check was not made payable to him or to Rhodes as his agent. Smathers never saw the check or received any part of it. The first time Smathers was called upon was when he was in Charleston, when plaintiff talked with him over

long distance telephone.  Such conversations are unsatis-
factory, and mistakes naturally arise as to what did take
place.  There is no competent evidence to fix liability on
defendant that Rhodes was his agent.

It will not prove agency by the mere declaration of a
party that he is agent of another.  A person must go fur-
ther and furnish evidence either of facts, circumstances, or
ratification.  There is no evidence in the case that
Rhodes had authority to act for Smathers, or any
facts or circumstances in the case whereby it could
be inferred, or that he ratified the acts of Rhodes.  There
is nothing in the evidence to mislead the plaintiff to his
injury, on the part of Smathers.  The plaintiff bought from
Rhodes the property of Smathers, at his peril, and without
proper inquiry.

Possession, under the facts developed, did not
raise presumption of agency in Rhodes for another.
Plaintiff's transactions show he dealt with Rhodes
as if he were owner, and not agent of another, and, when
he did not get the car, then attempted to make Rhodes
agent for Smathers.  Under the evidence, facts, and
circumstances, this he has failed to do.  Neither does
the evidence show ratification.  The motion for nonsuit or
directed verdict should have been granted.

The judgment is reversed, and complaint dismissed.
Reversed.