### 11245

W. E. EVANS & SON v. PENDARVIS *ET AL.*

(117 S. E., 716)

PRINCIPAL AND AGENT—AGENT AUTHORIZED ONLY TO SELL TRUCK IN HIS POSSESSION CANNOT MORTGAGE IT.—Where possession of an automobile truck is given to an agent with authority only to sell it to a prospective purchaser, such agent has no authority to mortgage it; the Bailment Act being inapplicable.

Before DEVORE, J., Orangeburg, October, 1921. Reversed and remanded.

Action in claim and delivery by W. E. Evans & Son against C. F. Pendarvis and the Farmers & Merchants Bank of Orangeburg. Judgment for defendants and plaintiffs appeal.

*Messrs. O. A. Hydrick* and *A. J. Hydrick,* for appellants, cite: *Authority to agent to sell does not give authority to mortgage:* 21 R. C. L., 867; 24 Kan., 384. *Bailment:* 3 A. & E. Enc. L., 733. *Purchaser from bailee gets no title:* 12 Rich. L. 451. *Factor cannot pledge goods of principal for his debt:* 1 McC. L., 1; 10 Rich. L., 83; 4 Strob., 427; 21 R. C. L., 912; 24 S. E., 886; 80 S. C., 557; 114 S. C., 488.

*Messrs. Jno. S. Bowman* and *Ed. C. Mann* for respondents.

---

NOTE: On right of one leaving his chattels in another's possession to claim title against the latter's vendee or creditors, see note in 25 L. R. A. (N. S.), 760.

May 31, 1923.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Claim and delivery proceedings involving the title and right to possession of a certain automobile truck. The undisputed facts are as follows:

The truck belonged to the plaintiffs, W. E. Evans & Son, of Columbia. In June, 1920, they delivered it to one S. J. Hutto, with authority to drive the truck from Columbia to Orangeburg and sell it to a prospective purchaser.

Hutto drove the truck to Orangeburg, and instead of selling it, as he had been authorized to do, on June 28, 1920, borrowed $500.00 from the Farmers & Merchants Bank of Orangeburg, upon his note, indorsed by the defendant Pendarvis, and secured by a mortgage of the truck executed by Hutto to the bank, upon representation by him that he had purchased and paid for the truck and that it was his property. It was admitted upon the record that the bank took the mortgage over the truck from Hutto for value, without notice of any defect in his title or claim of the plaintiffs.

At the close of all the evidence in the case, the presiding judge, upon his own motion, directed a verdict in favor of the defendants, ruling as follows:

"It has been shown in this case beyond the shadow of doubt that the truck in this case is the property of W. E. Evans & Son. It has also been proven that W. E. Evans & Son turned the truck over to Silas P. Hutto for the purpose of selling it, and no other, and that Silas P. Hutto brought the truck to Orangeburg, and a few days after arriving there mortgaged the truck for value to the defendant Farmers & Merchants Bank.

"I hold that, when one party puts personal property in the hands of another party, he has a right as such agent to

bind his principal, and that Hutto, having this truck in his possession with power to sell it, could execute a valid mortgage over it, and that of the two the least innocent should suffer. The presumption of ownership which arises from possession of personal property alone is sufficient to protect an innocent purchaser for value relying on the same. I therefore direct a verdict in favor of the defendants, Pendarvis and the Farmers & Merchants Bank."

From the judgment entered upon the verdict the plaintiffs have appealed, upon exceptions which barely, but in the absence of objection by the respondent we will assume sufficiently, cover the matters hereinafter considered.

Hutto was a special agent of the plaintiffs, intrusted with the specific duty of selling the truck. This authority did not vest him with the authority to treat it as his own and mortgage it. 21 R. C. L., 867. When he mortgaged it, he committed a breach of trust, and could not transfer to the mortgagee any right which he did not possess. The controlling principles of the law, under such circumstances, are so clearly set forth in the opinion of Chancellor Johnstone, then Associate Judge of the Court of Appeals, in the case of *Carmichael v. Buck,* 12 Rich., 451, that further elaboration is unnecessary. See, also *Cannon v. Dean,* 80 S. C., 557; 61 S. E., 1012; *Hopkins v. Smathers,* 114 S. C., 488; 104 S. E., 30; 25 L. R. A. (N. S.), 760, note.

The Bailment Act (section 3740, vol. 1, Code of Laws A. D. 1912) has no application for the reason that that section contemplates an agreement between bailor and bailee which can be recorder. There was no agreement in this case whereby plaintiff reserved an interest in the truck, other than what might be implied from the transaction, which in the nature of things was incapable of record, even if it can be said that the delivery of a chattel to an agent for a specific purpose can be considered such a bailment as is contemplated by the act.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.