CHARLES C. COOLBAUGH AND FRANK R. MACKLIN, PARTNERS, TRADING AS COOLBAUGH-MACKLIN MOTOR COMPANY, RESPONDENT, v. ATLANTIC MOTOR FINANCE COMPANY, A CORPORATION, APPELLANT.

Argued October 31, 1924—Decided April 23, 1925.

On appeal from the Atlantic Circuit Court.

For the appellant, *Thompson & Hanstein.*

For the respondent, *Cole & Cole* (*Clarence L. Cole,* of counsel).

PER CURIAM.

The appellant company appeals from a judgment entered against it, in the Atlantic County Circuit Court, in favor of the respondent company, the plaintiff below, on the verdict of a jury.

The action was one in replevin. The question involved in the controversy between the litigants was the ownership and right to possession of a Haynes automobile, model 57, sport touring, No. 51060.

The plaintiff's claim to the car rested upon its assertion that it was the owner of the car and had loaned it to one Carney for exhibition purposes. The defendant claimed that William T. Carney owned the car, and that on April 14th, 1923, he executed a chattel mortgage covering the automobile in question in consideration of a loan to Carney of $1,221, which chattel mortgage was duly recorded in accordance with the statute.

It was conceded at the trial that, prior to the car coming into possession of Carney, it was the property of the plaintiff.

The trial of the case disclosed that the plaintiff, in the city of Philadelphia, carried on the business of buying and distributing automobiles directly from the manufacturers thereof, and that William T. Carney was a vendor of automobiles in Atlantic City, where he carried on the business; that he had a sales agency contract with the plaintiff; that the plaintiff sold an automobile of the model of the car in question to Carney on April 5th, 1923, which car was paid for by check on May 5th, 1923, which check was protested, but finally paid; that on April 5th, or between that date and May 5th, 1923, Carney borrowed a car of the plaintiff of the same model as the one previously sold to him, for exhibition purposes, the serial number of the loaned car being 51060, and which car he brought to Atlantic City; that he had this car in his possession at the time he executed the mortgage to the defendant, but that he could not say particularly whether he had borrowed that car, as he had a loan of several cars. The defendant introduced in evidence an invoice dated April 5th, 1923, which was a sale of a car by the plaintiff of the same model as the car in question, and bore the number 51060, which invoice was receipted. Carney testified that he was not positive that the invoice produced was the one he received when he obtained the car from the plaintiff; that

the number 51060 was not in the invoice; that he presented the invoice to the secretary of the defendant company, who put the number in the invoice, after he, Carney, gave the number to him, which number he in turn had received over the telephone, on inquiry from his bookkeeper. From what has been said, it is quite manifest that the only question in dispute was the identity of the car that Carney mortgaged to the defendant, for if it was the car which he bought on April 5th, and for which he paid the transaction was unassailable, but if it was the car which he borrowed of the plaintiff, then, of course, even if Carney was the agent of the plaintiff to sell automobiles, such agency did not carry with it authorization to mortgage an automobile.

There was no error in the refusal of the trial judge to charge the seven requests presented on behalf of the defendant. The first two requests were substantially covered by the judge's charge. The third request that, if the jury believed that Carney had possession of the car in question on the date he made the chattel mortgage, its verdict must be for the defendant, is, palpably, unsound in law. The fourth request that, if the jury believed that the conduct of the plaintiff was such as reasonably to lead the defendant to believe that the title to the car was in Carney, its judgment be for the defendant, has no facts which could properly support the request, and was therefore properly refused.

The same is also true of the fifth request, and was properly denied.

The sixth and seventh requests are of like character as the preceding, and were properly refused.

This court has repeatedly declared that "the trial court is not obliged, though specially requested to do so, to apply a legal principle, which it clearly states to the jury, to conditions of fact postulated by defendant's counsel, particularly where such conditions do not include all the circumstances which should influence the conclusion of the jury." *Consolidated Traction Co.* v. *Chenowith,* 61 *N. J. L.* 554.

Judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 15.

*For reversal*—None.