# W. H. LAMBERT, RESPONDENT, *v.* W. D. McFARLAND ET AL., APPELLANTS.

In an action of replevin, the judgment must be for the return of the property and an alternative judgment for its value if not returned. An absolute judgment for its value, not allowing defendant to satisfy the judgment by return of the property with costs and damages, is erroneous.

APPEAL from a judgment rendered by the District Court of the Second Judicial District, Hon. S. H. WRIGHT presiding.

*Wallace & Flack* and *A. C. Ellis*, for Appellants.

W. C. Wallace, for appellants, made the points that the judgment was not in conformity to the relief sought in the complaint, to wit: the return of the property and damages for the taking and detention. And also that a number of the instructions given were erroneous. The instructions were not passed on by the Court, and are therefore not noticed more fully here.

*Wm. Patterson* and *P. H. Clayton*, for Respondent.

Opinion by LEWIS, C. J., BEATTY, J., concurring.

Replevin to recover one hundred and twenty-eight head of cattle, particularly described in the complaint, together with the sum of one thousand dollars damages, which the plaintiff alleges he suffered by the wrongful taking and withholding of his cattle by the defendants. The record shows that the cattle were not delivered to the plaintiff by the Sheriff, but continued in the possession of the defendants, and were under his control at the time of the trial.

The jury found the following verdict in favor of the plaintiff: " We the jury in the above entitled case find a verdict for the plaintiff, and assess the damages at thirty-one hundred and thirty dollars," upon which the Court ordered judgment to be entered in accordance therewith.

Defendants appeal. The verdict and judgment are clearly erroneous, and must be reversed. In an action of replevin, or for the claim and delivery of personal property, under the modern

Lambert *v.* McFarland.

practice, if the property be in the possession of the defendant, the value of the property must always be found in the verdict, and the judgment must be in the alternative that the plaintiff recover the property sued for, or in case delivery cannot be had, then for its value.

It is not optional with the plaintiff in such case to take judgment for the value of the property absolutely.

The primary object of this action is the recovery of the property, and judgment for its value in damages is only authorized when a delivery of the property itself cannot be had. ·Though the phraseology of Section 200 of the Practice Act, prescribing the form of the judgment in these cases, is somewhat ambiguous and its purpose uncertain, subdivision four of Section 210, respecting the execution, removes all uncertainty as to the form of the judgment. It provides that "if it (the execution) be for the delivery of the possession of real or personal property, it shall require the Sheriff to deliver the possession of the same, particularly describing it, to the party entitled thereto, and may at the same time require the Sheriff to satisfy any costs, damages, rents or profits recovered by the same judgment, out of the personal property of the party against whom it was rendered, and the value of the property for which the judgment was recovered to be specified therein, *if a delivery thereof cannot be had.*"

An execution in the alternative, as prescribed by this section, could not be issued upon any absolute judgment for a certain sum of money. It is quite evident, therefore, that it was the intention that the judgment should be in the alternative, that is for the return of the property, or if return thereof cannot be had, then for the value. But as this precise question has been fully considered and determined by the Court of Appeals of the State of New York, in the case of *Fitzhugh* vs. *Wiman,* 9 Sheldon, 559, we deem it unnecessary to give it any further consideration. In that case, the Court held upon provisions of the code which are in the exact language of the sections of our Practice Act above referred to: "That in this species of actions, judgment for' the value of the property can only be taken in connection with a judgment for the recovery of the possession as an alternative, depending upon the ability of

the Sheriff to find and deliver the property itself upon the execution."

The verdict and judgment in this case were therefore erroneous, and must be reversed.