R. H. CARSON, RESPONDENT, v. CLARKSON APPLE-GARTH *et als.*, APPELLANTS.

REQUISITES OF VERDICT IN REPLEVIN.  Where, in replevin, it appeared that a portion of the property had been delivered to plaintiff, and defendant claimed a return, and there was a general verdict for plaintiff in a sum certain: *Held* that the verdict was erroneous, for the reason that no such peculiar judgment or execution as are provided for by statute in such cases could be rendered or issued thereon.

REPLEVIN VERDICTS, JUDGMENTS AND EXECUTIONS.  In a replevin case, where the property has not been delivered to plaintiff, a verdict and judgment in his favor are required by the statute, (Practice Act, Secs. 179 and 202) to be in the alternative, and so also is the execution.

REPLEVIN—OPTION TO TAKE PROPERTY OR VALUE. In a replevin suit, where the
verdict is for plaintiff, and he has not already received the property, defendant
.has a right to deliver it instead of money, and in such case the option to take
the property or its value does not rest with plaintiff.

APPEAL from the District Court of the Eighth Judicial District,
White Pine County.

The plaintiff commenced his replevin suit against Clarkson Apple-
garth, S. L. Baker, Robert Kelly, Thomas Luther, Frank Drake
and others, to recover certain ore taken from the " Ohio State
Claim," on Bromide Flat, in White Pine County. The amount
taken was alleged .to be forty-two tons and upwards, of which
twenty-six tons and upwards had been crushed and washed at the
Eberhart Quartz Mill. The remaining sixteen tons being in the.
hands of defendants, were seized by the sheriff and delivered to
plaintiff.

*Aldrich & Wren*, for Appellants.

I. The verdict is not in accordance with the requirements of
the statute in cases of this kind. It should have been for the pos-
session of the property, or its value, or damages for detention.
(Practice Act, Secs. 179 and 202.)

II. The verdict is not responsive to the issues in the case, and is
too uncertain to render a judgment upon, such as would be proper;
and this especially so when it is considered that part of the prop-
erty had been delivered to respondent, and was at time of the trial
in his possession.

*Tilford & Foster*, for Respondent.

By the Court, WHITMAN, J. :

Respondent brought his action to recover certain specific personal
property. Of that property a portion had been delivered to him, a
portion not. Appellants claimed a return. The following verdict
was rendered: " We, the jury in the above entitled cause, find
for plaintiff in the sum of three hundred and one dollars." Upon
this verdict, judgment was rendered for the amount found, and
costs.

Appellants first object that the verdict and judgment are not in accordance with the statute regulating the practice in such cases, referring particularly to sections one hundred and seventy-nine and two hundred and two of the Practice Act as follows :

SEC. 179.  " In an action for the recovery of specific personal property, if the property has not been delivered to the plaintiff, or the defendant by his answer claim a return thereof, the jury, if their verdict be in favor of the plaintiff, or if, being in favor of the defendant, they also find that he is entitled to a return thereof, shall find the value of the property."   *   *   *   *

SEC. 202.  " In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession or the value thereof, in case a delivery cannot be had."   *   *   *   *   *

The statute further provides the peculiar execution which shall follow ; so there appears intended by the provision referred to, first, the verdict—the basis ; next, the judgment ; next, the execution ; all in the alternative in cases similar to the present.

Upon the verdict in the case, no proper judgment could be rendered, and upon the judgment no statutory execution could issue. To the defendant in an action of this kind, against whom a verdict is found, always belongs the right if the property has not been delivered to deliver it himself ; and in such case it is not at plaintiff's option to take the property or its value.   If he cannot get the property, then he may claim its value, but not otherwise.

The objection taken is decisive of the case.   The jury should have rendered an alternative verdict as to the property not returned. This is a point upon which there is no conflict of authority.   (*Lambert* v. *McFarland*, 2 Nev. 58; *Fitzhugh* v. *Wiman*, 9 N. Y. [5 Seld.] 559; *Ford* v. *Ford*, 3 Wis. 401 ; *Wallace* v. *Hilliard*, 7 Wis. 628.)

The judgment of the District Court and its order refusing a new trial are reversed, and the cause remanded.