<hr />

[No. 9,849. In Bank.—March 11, 1885.]

JAMES S. McCUE, Respondent, v. JAMES TUNSTEAD, Appellant.

Claim and Delivery—Form of Judgment.—In an action under the code to recover possession of personal property, the judgment, if in favor of the plaintiff, must be entered in the alternative for the possession of the property, or its value in case a delivery cannot be had.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are sufficiently stated in the opinion of the court.

*Joseph Kirk*, for Appellant.

*J. S. McCue, in pro. per.*, for Respondent.

The COURT.—This was an action for the recovery of the possession of certain personal property, to wit: a horse, bought under section 509 of the Code of Civil Procedure, and judgment was entered in favor of the plaintiff "for the sum of one thousand dollars, and for interest thereon at the rate of seven per cent. per annum, amounting to $445, and for costs." The defendant appealed from the foregoing judgment, and on the argument the plaintiff confessed error. On a former appeal in this case, taken by the plaintiff, against whom judgment was rendered on the first trial, the judgment of the court below was reversed, and the cause remanded, " with directions to the court below to enter judgment in favor of the plaintiff." (65 Cal. 506.) But the court below, on the going down of the remittitur from this court, failed to enter the proper judgment under section 667 of the Code of Civil Procedure. That section provides for a judgment in the alternative, and such should have been the form of the judgment in the case. It was said by this court, in the case of *Campbell* v. *Jones*, 38 Cal. 507, that the judgment should be, if in favor of the plaintiff, for the possession, or the value thereof in case a delivery cannot be had, and damages for the detention. (See also *Cummings* v. *Stewart*, 42 Cal. 230.)

Judgment reversed and cause remanded, with directions to the court below to enter a judgment in favor of plaintiff, in conformity with this opinion.