### HANCHETT v. HUMPHREYS.

(Circuit Court, D. Nevada. January 29, 1898.)

#### No. 643.

REPLEVIN—JUDGMENT.

In an action for claim and delivery of personal property, where the complaint demands alternative relief, and there is no finding by the jury that the property itself cannot be returned, a judgment for the plaintiff must, under Gen. St. Nev. §§ 3201, 3224, be entered in the alternative for the possession of the property or its value in case a delivery cannot be had.

Reddy, Campbell & Metson and James F. Dennis, for plaintiff.
M. A. Murphy, for defendant.

HAWLEY, District Judge (orally). This is an action for claim and delivery of personal property, in the nature of replevin. The prayer of the complaint is:

"Wherefore the plaintiff demands judgment against the defendant, first, for the recovery of the said goods and chattels, or for the sum of $8,000, the value thereof, in case a delivery cannot be had," etc.

The verdict of the jury is as follows:

"We, the jury, in the above-entitled cause, find for the plaintiff; and we further find the value of the property in suit to be $6.852."

At the close of the trial, the plaintiff was given time to prepare and submit a judgment to be entered herein. The form as prepared by the plaintiff is simply for a money judgment. He is not entitled to such a judgment. It is true that upon the trial one witness testified that he had the custody of a barrel of hams, which he had stored away at his house, and upon cross-examination said that the odor of these hams was not very pleasant, and for that reason he had removed them from the house, and hung them up outdoors. There were no issues submitted to the jury upon the question as to whether or not the property involved, or any part thereof, could be returned. Under the provisions of the statutes of this state (sections 3201, 3224, Gen. St. Nev.), and the decisions of the supreme

court of the state (Lambert v. McFarland, 2 Nev. 58; Carson v. Applegarth, 6 Nev. 187), the judgment in such actions must be entered in the alternative, for the possesson of the property, or its value in case a delivery cannot be had. See, also, McCue v. Tunstead, 66 Cal. 486, 6 Pac. 316; Stewart v. Taylor, 68 Cal. 5, 8 Pac. 605; Washburn v. Huntington, 78 Cal. 573, 577, 21 Pac. 305; Cooke v. Aguirre, 86 Cal. 479, 25 Pac. 5; 20 Am. & Eng. Enc. Law, 1113, and authorities there cited. This case, in its facts, is unlike that of Burke v. Koch, 75 Cal. 356, 17 Pac. 228, where the court found that the defendant sold and disposed of a large portion of the property sued for, and appropriated the proceeds thereof; and, upon such finding, the court sustained a money judgment for the value of the property. Of course, it is not necessary that the judgment should be in the alternative where the goods and chattels have been previously sold by the judgment debtor. McCarthy v. Strait (Colo. App.) 42 Pac. 189. But no such facts are involved in this case. It will be time enough to decide the question, argued by counsel, as to whether or not plaintiff could be compelled to accept a return of the property in lieu of its value if any part of it, however small, had been lost or destroyed, when it is properly presented to the court. Upon the facts of this case, and upon the verdict of the jury, the judgment must be drawn up and entered in the alternative, as required by law.