Day, J.
 

 The legal question to be determined in this case is whether or not the protection given an
 
 *37
 
 innocent purchaser for value in due course from a retail dealer in automobiles displayed upon his salesroom floor for sale shall be extended to a pledgee or mortgagee, who, without notice of true ownership, lends money to such dealer and takes a chattel mortgage as security upon automobiles so displayed upon the retail dealer’s salesroom floor.
 

 The underlying principle of the so-called floor plan doctrine is that for the protection of the buying public the owner has given implied authority to the agent to sell the car in question, and if the sale or transaction be one in the usual course of business the owner will be estopped to set up his title against an- innocent purchaser who has invested his money, relying upon the apparent authority of the agent to sell, he having possession of the automobile in his showrooms and on the floor for sale.
 

 While the true owner may thus jeopardize his title by placing his automobile in the hands of the retail dealer for sale, and allowing him to place it upon the salesroom floor for such purpose, it does not follow that he has authorized the dealer to mortgage the property or pledge the same and thus create an entirely new relationship between the owner and such dealer. The retail dealer, in the absence of an agreement, will not be permitted to so extend his authority. True, the owner may have clothed the dealer with apparent authority to sell, but there is no representation, express- or implied,, by the owner, that the dealer has authority to mortgage or pledge the car. Mere possession is not enough. It was held in
 
 Coolbaugh
 
 v.
 
 Atlantic Motor Finance Co.,
 
 101 N. J. Law, 215, 128 A., 595, that an automobile sales agent was not, by reason of such agency,
 
 *38
 
 authorized to mortgage an automobile which he had borrowed from his principal.
 
 W. E. Evans & Son
 
 v.
 
 Pendarvis,
 
 124 S. C., 489, 117 S. E., 716: “Where possession of an automobile truck is given to an agent with authority only to sell it to a prospective purchaser, such agent has no authority to mortgage it; the Bailment Act being inapplicable.”
 

 “It is a firmly established doctrine that power conferred upon an agent to sell personal property in his possession does not carry with it an implied power or authority to barter or exchange it for other property, and any attempt on the part of the agent to make such a disposition thereof, in the absence of a ratification by the principal, will be void as to the latter, and title thereto will not pass. An authority to sell does not include power to'mortgage the property.” 21 Ruling Case Law, 867.
 

 Some earlier cases involving the same principle-are
 
 Switzer
 
 v.
 
 Wilvers,
 
 24 Kan., 384, 36 Am. Rep., 259;
 
 Wright
 
 v.
 
 Solomon,
 
 19 Cal., 64, 79 Am. Dec., 196; and
 
 Ryan
 
 v.
 
 Stowell,
 
 31 Neb., 121, 47 N. W., 637. See also 2 Berry on Automobiles (6th Ed.), Section 1731,. page 1394;
 
 Davison
 
 v.
 
 Parks,
 
 79 N. H., 262, 108 A., 288; 21 Ruling Case Law, page 886, Section 58; 2 Corpus Juris, page 650, Section 295, note 68; Huddy on Automobiles (8th Ed.), page 1210, Section 1086.
 

 Our conclusion is that the law for the protection of the buying public, as recognized in the so-called floor plan system, cannot be extended so that protection may be given to a pledgee or mortgagee, in the absence of authority, express or implied, to so pledge or mortgage such property. Entertaining this
 
 *39
 
 view, the judgments of the courts below must be affirmed.
 

 Judgment affirmed.
 

 Matthias, Allen, Kinkade and Robinson, JJ., concur.