L. B. Motors, Inc. et al. (Massachusetts Bonding and Insurance Company), Appellant, v. R. H. Prichard, Appellee.

Gen. No. 9,472.

Heard in this court at the October term, 1939. Opinion filed January 25, 1940.

E. L. Keating, of Chicago, and James Herrington Scott, of Geneva, for appellant; James Herrington Scott, of counsel.

George Spitz, of De Kalb, for appellee.

Mr. Presiding Justice Dove delivered the opinion of the court.

It appears from the stipulation of the parties and the evidence in this record that the plaintiff L. B. Motors, Inc. is a corporation engaged in the business of buying, selling, exchanging and servicing automobiles having its place of business in Chicago. Charles R. Hunt is a retail dealer in new and used automobiles in Plano, Illinois and does business under the name of Kendall Motor Sales. On February 2, 1937, Hunt purchased from the plaintiff a used 1935 Ford Sedan for $420 and in payment therefor delivered his note to the plaintiff for that sum due March 2, 1937 and the parties executed a conditional sales contract. On April 20, 1937 Emma Weiss entered into an agreement with Hunt at his place of business in Plano, whereby she obtained from Hunt this Ford Sedan and in return therefor delivered to Hunt her used automobile and executed and delivered to him her promissory note for $459, payable in monthly instalments of $25.50, beginning May 20, 1937. These parties also executed a conditional sales contract covering this automobile. On the same day, in consideration of $360, Hunt sold and assigned this note and conditional sales contract to R. H. Prichard, doing business as Local Finance Service. Thereafter, Emma Weiss having defaulted in making her payments, Prichard took possession of the car under the provisions of this sales contract. The conditional sales contract executed by Hunt and held by the plaintiff was in default and thereafter it demanded possession of the car from Prichard. Its demand being refused, this replevin suit was instituted

by L. B. Motors, Inc. against Prichard and the automobile was delivered to the plaintiff.

The cause originated before a justice of the peace and upon appeal to the circuit court a jury was waived and a trial had before the court resulting in a finding for the defendant and judgment directing the plaintiff to return the replevied automobile to the defendant and that the defendant recover of the plaintiff $180 for damages for the wrongful detention of said automobile by the plaintiff. From this judgment an appeal has been perfected to this court.

The Motor Vehicle Law requires every owner of a motor vehicle within 24 hours after he becomes the owner thereof to file in the office of the Secretary of State an application for a certificate of registration and upon the payment of the required fee, the Secretary of State is required to assign a number and issue to such owner a certificate of registration. The same act provides that upon the sale of a motor vehicle by a dealer he shall give the purchaser a bill of sale and another section of the same act requires the vendor of a registered motor vehicle other than a dealer or manufacturer to send a statement thereof to the Secretary of State (Ill. Rev. Stat. 1937, ch. 95½, ¶¶ 8, 18, 21 [Jones Ill. Stats. Ann. 85.008, 85.018, 85.021]), being sections 8, 17 and 19 of said Motor Vehicle Law. The Uniform Motor Vehicle Anti-Theft Act provides, among other things, that the Secretary of State shall not register or renew the registration of any motor vehicle unless the owner thereof shall make application for and be granted an official certificate of title for such vehicle and prohibits the owner from operating or permitting the operation of any such motor vehicle upon any highway without first obtaining a certificate of title therefor and prohibits the owner from selling or transferring his title or interest in any motor vehicle unless he has obtained a certificate of title and makes it the duty of the owner who sells or transfers his in-

terest in a motor vehicle to indorse an assignment and warranty of title upon the certificate of title and deliver the certificate so indorsed to the purchaser at the time of delivering the motor vehicle. Ill. Rev. Stat. 1937, ch. 95½, ¶¶ 76 and 80 [Jones Ill. Stats. Ann. 85.077, 85.081], being sections 3 and 7 of the Uniform Motor Vehicle Anti-Theft Act.

Counsel for appellant contend that Emma Weiss and appellee are charged with knowledge of the requirements of these statutory provisions and that since their enactment purchasers of automobiles need not and cannot depend upon or rely upon possession of an automobile as evidence of ownership thereof and upon statements or representations of the title made by the seller, that the purpose of the legislature in enacting these laws was to prevent the sales of motor vehicles to innocent persons by one having no title thereto and that when Emma Weiss purchased this car from Hunt, appellant had the certificate of title therefor, having received it from the former owner, Maury Sherman. It is the contention of appellee that when appellant sold and delivered the automobile here in question to Hunt, knowing that he was a used car dealer, he clothed him with apparent ownership sufficient to pass title to Emma Weiss, who was a purchaser for value without notice, that appellee having purchased the Weiss note and conditional sales contract without notice of any right or title that appellant might assert, was lawfully in possession of said automobile after Emma Weiss had defaulted and that while the provisions of the Motor Vehicle Law and the Uniform Motor Vehicle Anti-Theft Act provide penalties for their violation, there is nothing contained therein which would preclude him from recovering under the undisputed facts as disclosed by this record.

From the stipulation of the parties it appears that appellant sold this car to Hunt knowing Hunt was a dealer in used automobiles and that Hunt purchased

it not to use but for resale. The note which Hunt executed for the purchase price became due March 2, 1937. The conditional sales contract executed by the parties provided that the title of the automobile should not pass and that the car should remain the property of the appellant until the note was paid in full. Seven weeks after the note became due Emma Weiss, without knowledge of the fact that appellant ever owned the car, purchased this car for a valuable consideration from Hunt. If this was a contest between appellant and Emma Weiss the authorities are clear that appellant would be estopped from setting up its title. *Illinois Bond & Investment Co. v. Gardner,* 249 Ill. App. 337. If property is delivered by a manufacturer or wholesale dealer to a retail dealer for the apparent purpose of resale, a condition that title shall remain in the seller until the price is paid, is ineffectual as against a bona fide purchaser from the retailer. 24 R. C. L. 458.

Counsel for appellant argue that since this was a second-hand car which Emma Weiss purchased and since she did not see the certificate of title or procure one from Hunt when she executed the note and conditional sales agreement, she cannot be held to be an innocent purchaser for value, as these facts were sufficient to put her on notice that Hunt may not have been the unconditional owner of said car. We do not think so. While it is true this was a second-hand car and at the time of the transaction between Emma Weiss and Hunt, Emma Weiss did not see the certificate of title, she did obtain actual possession of the car and used it for months and it was not until October 20, 1937 that appellee knew appellant had or claimed any title to or interest therein. It was on that day, long after Emma Weiss had defaulted and after appellee had taken possession of the car that appellant notified appellee that it held a certificate of title to the automobile and de-

manded of appellee either $420 and interest or the automobile.

Section 23 of the Uniform Sales Act (Ill. Rev. Stat. 1939, ch. 121½ [Jones Ill. Stats. Ann. 121.27]) provides: "Subject to the provisions of this act, where goods are sold by a person who is not the owner thereof, and who does not sell them under the authority or with the consent of the owner, the buyer acquires no better title to the goods than the seller had, unless the owner of the goods is by his conduct precluded from denying the seller's authority to sell." The Motor Vehicle Law and the Uniform Motor Vehicle Anti-Theft Act both provide penalties for those persons who do not comply with the provisions thereof. These acts, in our opinion, were not intended as recording statutes and do not in any way alter, modify or change the effect of the provisions of the Uniform Sales Act as construed by our courts and have no application to the facts disclosed by this record. *Mason v. Shelton,* 292 Ill. App. 640, 11 N. E. (2d) 224 (Abst.); *People v. Billardello,* 319 Ill. 124. And the object of the legislature in enacting these acts was to protect the public from thefts of automobiles, from the evils arising from the unregulated use, sale and transfer of motor vehicles and from the crime committed by their use.

Counsel for appellant assert that no complaint is made as to the amount of damages assessed by the court for the wrongful detention of the automobile but make the rather novel claim that it was the duty of appellee to have given a forthcoming bond (Ill. Rev. Stat. 1939, ch. 119, ¶ 14 [Jones Ill. Stats. Ann. 109.512]) and retained the automobile pending the final judgment of the court in the replevin suit. Counsel argue that had appellee done so it could have procured the return of the car and would not have been deprived of its use during the period the suit was pending and undisposed of and therefore it would have sustained no

damage by the wrongful suing out of the writ of replevin. Our statute provides that before a writ of replevin issues, the plaintiff is required to give a sufficient bond conditioned for the payment of all costs and damages occasioned by the wrongful suing out of the writ of replevin. It further permits a defendant in a replevin suit to have the replevied property returned to him by the officer before it is actually delivered to the plaintiff. This provision simply grants to the defendant the option, in lieu of permitting the property to be delivered to the plaintiff, of executing a bond in double the value of the property and conditioned as required by the statute and thereby have the replevied property forthwith returned to him. 23 R. C. L. 895. There is no merit in this contention of appellant and in our opinion the judgment appealed from is the only one warranted by the facts as they appear in this record. The judgment will therefore be affirmed.

*Judgment affirmed.*