Clementine Pageanas, Plaintiff-Appellant, v. Mixon Motor Company, Defendant-Appellee.

Term No. 51–M–13.

Opinion filed September 28, 1951. Released for publication October 31, 1951.

Louis Beasley, of East St. Louis, for appellant.

Goldenhersh & Goldenhersh, of East St. Louis, for appellee.

Mr. Justice Scheineman delivered the opinion of the court.

In a transaction between plaintiff and defendant on September 1, 1949, plaintiff traded in a used Pontiac for the agreed value of $455.90, on a used Studebaker priced at $1,495, and plaintiff financed the difference through a loan company, with the assistance of her husband. The defendant on said date gave the plaintiff

446

a signed statement setting forth the terms of the transaction, none of which is disputed.

About a month later plaintiff came back to defendant with the Studebaker and demanded the return of the Pontiac or the value thereof. She parked the Studebaker on defendant's lot and later filed this suit. Her complaint and testimony are devoted largely to the fact that no certificate of title was delivered to her for the Studebaker on September 1, 1949, or thereafter. Apparently, she assumed she had no title to the car, and that defendant was in default on the deal, so that she could rescind it, and recover her down payment, i. e., the Pontiac or its value.

Upon the trial a jury returned a verdict for the plaintiff in the sum of $455.90. The trial court entered judgment for the defendant notwithstanding the verdict, and plaintiff has perfected this appeal. The argument on appeal also appears to assume that plaintiff never received "title" to the Studebaker. Reference is made to paragraph 80 of chapter 95½ Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 85.081], which provides for assignment by endorsement of the certificate of title when a sale is made of a motor vehicle and also provides penalties for noncompliance.

The evidence shows that, on the date of the transaction, no certificate of title was manually handed to plaintiff, and she has never received it in her own personal possession. However, it is undisputed, that the plaintiff there and then applied for a license and transfer of title and paid the fees required for such transfer to an employee of the defendant. Thereafter, plaintiff made numerous inquiries about the certificate. Evidence for the defense indicates that plaintiff was told there might be delays at Springfield and also that the certificate, when issued, would be sent to the loan com-

pany which had a lien on the car. Plaintiff denies she was so informed.

The finance agreement in evidence provides for retention by the loan company of the title certificate until the loan is paid. Records of the Secretary of State in evidence show that a certificate of title was issued in the name of plaintiff, but the evidence does not show where such certificate was sent or when. It appears there was some delay, for plaintiff received a letter from the Secretary of State asking for certain data, which she supplied, and it was shortly thereafter that she undertook to rescind the deal.

█ We find it unnecessary to a decision in this case to pass on the question whether the evidence is sufficient to establish that the defendant has violated the cited statute, either wilfully or technically. It is settled law in this state that the cited statute is not a recording statute and does not affect the validity of the sale of a motor vehicle which is otherwise valid. A violator of the statute may be subjected to criminal proceedings and penalties, but the consummated sale remains in effect. *L. B. Motors, Inc. v. Prichard*, 303 Ill. App. 318; *Commercial Credit Corp. v. Horan*, 325 Ill. App. 625.

█ The undisputed evidence establishes a valid and completed sale of the Studebaker to the plaintiff and that she acquired title thereto by reason of the law of sales. The evidence establishes no basis for rescission of such sale whereby plaintiff could recover her down payment; and no other damages were proved justifying any recovery from the defendant. The judgment in favor of the defendant was correct and is affirmed.

*Judgment affirmed.*

CULBERTSON, P. J. and BARDENS, J., concur.