IN THE MATTER OF THE APPLICATION OF VICTOR HAVAS FOR A WRIT OF HABEAS CORPUS.

No. 4500

May 7, 1962                    371 P.2d 30

*Magleby & Posin,* of Las Vegas, for Petitioner.

*Roger D. Foley,* Attorney General, *John F. Mendoza,* District Attorney, *Charles L. Garner,* Deputy District Attorney, Clark County, for Respondent.

238

## OPINION

By the Court, BADT, C. J.:

Petitioner asserts that he is unlawfully deprived of his liberty under a commitment of the Eighth Judicial District Court, Clark County, Nevada, committing him to jail for contempt of court "for having willfully refused to comply with the judgment and order of [said] court entered on December 27, 1961, requiring Defendant, Vic Havas, to forthwith return to Plaintiff" a certain automobile, for which the plaintiff Junius Anderson sought possession in a replevin action in said court, and "for his misconduct and willful failure to comply with said Court Order and Judgment." He therefore seeks his release from custody.

Although, as hereinafter appears, our order for the release of petitioner is based upon the ground that under our statutory requirements the court was without jurisdiction to commit petitioner for contempt, we recite, first, the following chronological order of events to give a picture of the proceedings below.

On May 26, 1960, one Junius Anderson filed a complaint to replevy from Havas a 1957 Oldsmobile. No delivery under the provisional remedy of claim and delivery was at the time sought or obtained. The case was tried, and on December 27, 1961, judgment was entered by the trial court in which it was ordered that defendant "return to plaintiff forthwith" the 1957 Oldsmobile, and that defendant further pay to plaintiff a

certain $300 deposit made by plaintiff to defendant, and that in turn plaintiff reimburse defendant for moneys paid to clear a bank encumbrance against said Oldsmobile,[1] less a credit for a returned insurance premium received by defendant and less a credit for the said $300 deposit. On the same date notice of the entry of judgment was served upon Havas's counsel and on the following day plaintiff's attorney addressed a letter to petitioner's attorney asking the latter to verify the bank payoff balance and the returned insurance premium, so that arrangements could be made to pay the resulting balance, and request was made for the delivery of the automobile and the adjudicated costs. This letter was received by petitioner's counsel December 30, 1961, and was followed by a telephone conversation in which there was discussed the consideration of an appeal and, in such event, the amount of a supersedeas bond.

On January 8, 1962, the judge of the district court signed an instrument entitled "Writ of Restitution," in which the sheriff was directed and ordered to take possession of the automobile and return the same to the plaintiff in the replevin suit. Such writ was not filed with the clerk nor was any process issued by him. Havas was in California at the time and said writ was not personally served on him. On January 10, 1962, notice of appeal was filed, and on the same day the parties stipulated in writing that whereas Havas had appealed to the supreme court from the final judgment "the said judgment may and shall be stayed upon defendant's filing a supersedeas bond or undertaking in the amount of $2500.00 * * *." On January 18, 1962, the district court issued its order to show cause why Havas should not be punished for contempt. Hearing was had on said order on January 24, and Havas was found guilty of contempt and ordered to be confined in the county jail for ten days and pay a fine of $300. It does not appear that at such hearing a return of the said "Writ of Restitution" was made.

---

[1]The delivery of the Oldsmobile and the $300 deposit were on account of the purchase of a 1959 Pontiac automobile by Anderson from Havas. The dispute over that transaction is involved in the pending appeal from the judgment.

Although Havas presents several assignments of error growing out of the issuance of the contempt order under the circumstances above outlined, we need consider only one: that the court was without jurisdiction to cite him for contempt for failure to deliver the Oldsmobile as ordered in the judgment, because the court failed to follow the mandatory statutory proceedings in replevin actions. As we have indicated, this assignment is well taken.

NRS 17.120 reads in part as follows: "Replevin; judgment to be in alternative and with damages. 1. In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession or the value thereof, in a case a delivery cannot be had, and damages for the detention or the value of the use thereof. * * *"2

This statute was first construed by this court in Lambert v. McFarland, 2 Nev. 58 (combined Vols. 1–2 Nev. 581), wherein plaintiff sought to recover 128 head of cattle and $1,000 damages. The cattle had remained in possession of defendant. The jury found "a verdict for the plaintiff, and assess[ed] the damages at $3,130," and judgment was entered accordingly. This court in reversing said: "The verdict and judgment are clearly erroneous, and must be reversed. In an action of replevin, * * * if the property be in the possession of the defendant, the value of the property must always be found in the verdict, and the judgment must be in the alternative that the plaintiff recover the property sued for, or in case delivery cannot be had, then for its value. It is not optional with the plaintiff in such case to take judgment for the value of the property absolutely." The court then referred to the statute governing executions for the enforcement of judgments. We turn to our present statute, NRS 21.050. "Where a judgment requires the payment of

2This provision originated in 1869 (Stats. 1869, ch. 8, sec. 202, p. 228) and has remained on our statute books without material change ever since.

money or the delivery of real or personal property, the same shall be enforced in those respects by execution. * * *"[3]

In Carson v. Applegarth, 6 Nev. 187 (combined Vols. 5-6-7 Nev. 513) this court, citing Lambert v. McFarland, supra, said that the statute contemplated, "first, the verdict—the basis; next, the judgment; next, the execution, all in the alternative in cases similar to the present [suit for replevin]." It said: "To the defendant * * * always belongs the right, if the property has not been delivered, to deliver it himself; and in such case, it is not at plaintiff's option to take the property or its value * * *. The jury should have rendered an alternative verdict * * *. This is a point upon which there is no conflict of authority: * * * The judgment of the district court and its order refusing a new trial are reversed, and the cause remanded." Accord: Buckley v. Buckley, 12 Nev. 423, 429; Hanchett v. Humphreys, C.C., 84 F. 862.

The record contains evidence from which the court could have fixed the value of the Oldsmobile that was the subject of the replevin action, thus affording to the court sufficient data for a judgment requiring, in the alternative, the delivery of the automobile, or its value, in case delivery could not be had, and damages for its unlawful detention. NRS 17.120. It was enforceable only by execution. NRS 21.050. As neither the judgment nor the "Writ of Restitution" followed the mandatory requirements of the statute, the contempt proceedings based thereon were beyond the power and jurisdiction of the court.

---

[3]Rule 70, NRCP, deals with the power of the court in enforcing certain kinds of judgments in various ways, including execution of a conveyance by a third party in the name of the defendant, issuance by the clerk of writs of attachment or sequestration and, in proper cases, a judgment of contempt against the disobedient defendant. The contempt provision of Rule 70 does not apply to replevin actions. The last sentence of that rule provides that the party in whose favor a judgment for delivery or possession is entered is entitled to a writ of execution or assistance upon application to the clerk.

The petitioner is entitled to his release under the writ of habeas corpus and it is so ordered. It appearing that petitioner was heretofore by this court released on bail, it is further ordered that his bail be exonerated.

MCNAMEE and THOMPSON, JJ., concur.