MELVIN GODFREY, APPELLANT, v. GARY L. GILS-DORF, RESPONDENT.

No. 6148

October 28, 1970                           476 P.2d 3

*Peter L. Flangas,* of Las Vegas, for Appellant.

*Parraguirre, Rose, Pico & Norwood* and *Allan R. Earl,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This case involves the interplay between our motor vehicle licensing and registration law and the entrustment provisions of the Uniform Commercial Code. As will be seen, each party, seller and buyer, acted in good faith. Each is innocent of any wrongdoing. Unfortunately, one of them must sustain a loss due to an unprincipled used car dealer. The thrust of the ruling below placed that loss upon the seller, a determination with which we agree. However, other aspects of the judgment are incorrect and must be adjusted to conform with established law.

This is a replevin action to recover possession of a used automobile. It was commenced by the seller, Godfrey, against the buyer, Gilsdorf, who had purchased the vehicle from a used car dealer to whom the seller had entrusted it for sale. The facts are stipulated. Godfrey was the registered owner of a 1967 Toyota. The legal owner was Commercial Credit Corporation who held title as security for the balance ($1,187.03) of a debt owing it by Godfrey. Godfrey removed the license plates and certificate of registration from the car and delivered the vehicle for sale to a used car dealer, Auto Center. Gilsdorf saw the car at Auto Center and arranged to buy it. He made a down payment of $300, signed a car purchase order, and received possession of the Toyota to which was affixed the pink copy of the statutory Dealer's Report of Sale. He then borrowed $1,600 from Allstate Credit Corporation, gave a chattel mortgage as security, and inquired of Allstate whether he should get the title certificate. Allstate advised him not to worry about it since Auto Center would mail the certificate to Allstate directly. Gilsdorf then delivered Allstate's draft for $1,600 to Auto Center together with his personal check for $726.50 and received in return the green copy of Dealer's Report of Sale. He submitted the latter document to the Motor Vehicle Department and was issued license plates and a registration certificate as allowed by NRS 482.400(2) and 482.215.

Meanwhile, Godfrey noticed that his car was not on the Auto Center lot and made inquiry. He was told that the car was sold and payment would be forthcoming when the check cleared the bank. The money was never paid him. Auto Center

ceased doing business. Several weeks later Godfrey paid his debt to Commercial Credit ($1,187.03) and received the title certificate to the Toyota. The value of the car when delivered to Auto Center was $2,550 and its reasonable rental value was $150 per month.

When this replevin action was commenced Godfrey obtained possession of the car by resort to the provisional remedy of claim and delivery. NRS 31.840 et seq. Gilsdorf, the defendant, had used the car for eight months. The complaint requested alternative relief, delivery of the car or its value in case delivery could not be had, and damages for its unlawful detention. NRS 17.120; Ex parte Havas, 78 Nev. 237, 371 P.2d 30 (1962). Gilsdorf, by counterclaim, sought to compel Godfrey to transfer the title certificate to him.

The seller, Godfrey, plaintiff below and appellant here, insists that title to a motor vehicle can only be transferred in accordance with the motor vehicle licensing and registration law, and not otherwise. That law requires the legal owner (in this instance Commercial Credit Corporation) and the transferee (Allstate Credit Corporation who financed a major portion of the purchase for Gilsdorf) "to write their signatures with pen and ink upon the certificate of ownership issued for such vehicle, together with the residence address of the transferee in the appropriate places provided upon the reverse side of the certificate." NRS 482.400. Thereafter, one of them must deliver the certificate of title to the Department of Motor Vehicles. NRS 482.426. Since the purpose of the statute is to provide a fast and simple way to determine ownership and to prevent fraud and theft, strict compliance is essential. Exceptions should not be allowed, for to do so would frustrate the realization of an important legislative purpose and policy. This contention carries considerable force and may not lightly be cast aside.

On the other hand, the buyer Gilsdorf, defendant below and respondent here, urges that the entrustment provisions of the Uniform Commercial Code, NRS 104.2403(2)(3) create an estoppel against the seller to assert title to the car. Moreover, he argues that the buyer, in these circumstances, acquired the automobile free of the security interest of Commercial Credit Corporation. NRS 104.9307. In persuasive fashion he presses the following. The seller entrusted his car to a merchant who deals in cars and, in the words of the U.C.C. "gave him the power to transfer all rights of the entrustor to a buyer in the ordinary course of business." NRS 104.2403(2). Gilsdorf was a "buyer in the ordinary course of business." NRS

104.1201(9). He bought a used car from a person in the business of selling used cars, and bought it in good faith without knowledge of the ownership rights of a third party, Commercial Credit Corporation. He arranged immediate financing for the car and paid cash to the dealer. He inquired as to title and was assured by the dealer and by Allstate who financed the purchase for him, that title would be taken care of by having the dealer send it to Allstate. He had the car registered in his name and paid for the license plates. Finally, the buyer stresses the fact that the seller set in motion the chain of events which led to the sale of the car and should bear the loss incurred from the misconduct of the dealer whom he selected. We turn to resolve these opposing views.

1. The licensing and registration provisions of the vehicle code are essentially police regulations and strict compliance with them appears to be the prevailing view. State v. Glenn, 423 S.W.2d 770 (Mo. 1968). The underlying policy and purpose of that regulatory scheme are best promoted by such a view. It does not follow, however, that those purposes are subverted by the application of an estoppel theory to a business transaction falling within the entrustment provisions of the U.C.C.[1] As we see it, the relevant provisions of the two codes can exist side by side with meaning given to each and without doing violence to either, and we should so construe them. Bodine v. Stinson, 85 Nev. 657, 461 P.2d 868 (1969).

When the used car dealer sold the Toyota to Gilsdorf, the Commercial Credit Corporation enjoyed a perfected security interest in that vehicle, to-wit, legal title. At that point, the purchaser, under the entrustment provisions of NRS 104.-2403(2), acquired only the rights of the entruster-seller subject to the security interest of Commercial Credit. At least, such appears to be the case if we look only to 104.2403(2). However, sections of the U.C.C. found elsewhere, particularly 104.2103(d) defining "seller," and 104.9307 of article 9,

---

[1]Before the adoption of the U.C.C. in Nevada, this court ruled that the delivery of a car to a dealer in used cars without delivery of the title certificate creates no estoppel. Commercial Credit Corp. v. Smith, 76 Nev. 345, 353 P.2d 905 (1960). Without deciding whether the U.C.C. nullifies the holding of that case upon the facts there present, it is clear that the decision is irrelevant to the case at hand. There, the purchaser, Commercial Credit, was not a purchaser in the ordinary course of business and could not qualify as such either under the Uniform Sales Act then operative, or the U.C.C. now in effect.

may be construed to mean that the buyer took the car free of the perfected security interest of Commercial Credit. We need not resolve this problem in the case at hand since the seller, Godfrey, paid off his debt to Commercial Credit, and acquired the ownership certificate before filing suit. Thus, we are concerned only with the propriety of applying an estoppel against the seller to achieve the purposes of 104.2403(2)(3).

Illinois estopped the seller and protected the buyer in similar circumstances, and placed its decision mainly upon the entrustment provisions of the U.C.C. Humphrey Cadillac & Oldsmobile Co. v. Sinard, 229 N.E.2d 365 (Ill.App. 1967). Oklahoma agrees. Medico Leasing Co. v. Smith, 457 P.2d 548 (1969).

In summary, we find, as did the court below, that Godfrey entrusted his car to a merchant who deals in cars. The merchant was empowered to transfer Godfrey's rights to a buyer in the ordinary course of business and did so. We conclude that the principle of estoppel precludes Godfrey from asserting his later acquired title against Gilsdorf who purchased in good faith, for value and without notice of the then existing security interest of Commercial Credit Corporation.

2. In a replevin action the judgment must be in the alternative, that is, for the return of the property or its value in case a return cannot be had. NRS 17.120; Ex parte Havas, 78 Nev. 237, 371 P.2d 30 (1962). The prevailing party does not have the option to take judgment for the value of the property absolutely. Lambert v. McFarland, 2 Nev. 58 (1866).

The judgment entered below for the defendant-buyer upon his counterclaim was not an alternative judgment, but merely sought to give him the value of the car. This was error. However, this error was not assigned on the buyer's cross-appeal from the judgment, nor by the seller in his appeal therefrom. Apparently the seller wishes to retain the car which he secured by the provisional remedy of claim and delivery, and the buyer is content to recover the value instead of the car itself. Since error as to the form of the judgment was not asserted we shall not disturb the matter.

The stipulated value of the car was $2,550, and judgment should have been entered for the defendant in that amount. However, the court erroneously reduced that sum by the rental

value of the car during the eight months when the defendant used it. Since the court found that the defendant owned the car there was no basis for charging him with the rental value thereof. In this regard, the judgment is modified with direction to enter an amended judgment in accordance herewith.

Affirmed as modified.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.