PETE PERRY, APPELLANT, *v.* IRIS O. BYRD, RESPONDENT.

No. 6294

September 13, 1971                    488 P.2d 550

*Samuel B. Frankovich,* of Reno, for Appellant.

*Jack Christensen,* of Yerington, for Respondent.

## OPINION

By the Court, BATJER, J.:

This is a replevin action to recover the possession of a used 1954 Airstream trailer. It was commenced by the respondent, who alleged to be the lawful owner, against the appellant, who possessed the trailer and claimed ownership by reason of a bill of sale from H. G. Slingsby, the former husband of the respondent.

Testimony and other evidence introduced at trial revealed the following facts: The respondent and Slingsby were married in November of 1964. During the course of the marriage, in an apparent attempt to keep their respective properties separate, the respondent executed a document in which she disclaimed any ownership interest in a 1954 Airstream trailer house owned by Slingsby. However, on April 4, 1966, she purchased the trailer from Slingsby, and obtained a loan at the Bank of America, Salton Sea, California branch, to pay the purchase price.

In December of 1966, the respondent and Slingsby were divorced and she relinquished possession of the trailer to him upon an oral agreement that he would pay the amount owing on the bank loan and reimburse her for payments she had made on the trailer. Slingsby failed to make any of the payments as agreed and disappeared. The respondent completed the payments on the loan. In May of 1968, the bank delivered to her the certificate of ownership. She registered the trailer in the State of California and at the time of trial she possessed the certificate of ownership. After the disappearance of Slingsby, the respondent began searching for him and the trailer. Although she was unable to locate Slingsby, she did determine that the trailer was registered in the State of Nevada to the appellant.

During the pendency of the litigation in this case, the appellant moved for summary judgment. That motion was denied. Following an adverse judgment, after a trial upon the merits, the appellant filed a motion for a new trial. That request was also denied. It is from the denial of those two motions, as well as from the judgment, that this appeal is taken. At the hearing on the motion for summary judgment the appellant relied primarily upon the disclaimer document, while the respondent presented her current certificate of ownership to the trailer.

Upon the authority of Dzack v. Marshall, 80 Nev. 345, 393 P.2d 610 (1964) and Smith v. Gabrielli, 80 Nev. 390, 395 P.2d 325 (1964), wherein this court directed the trial court to enter summary judgment, the appellant urges that he be similarly treated. The facts of this case do not even remotely bring it within the rule of *Dzack* or *Smith*. It is well established that summary judgment is not a shortcut to the resolution of facts material to the determination of the legal rights of the parties involved. Short v. Hotel Riviera, Inc., 79 Nev. 94, 378 P.2d 979 (1963); Brewer v. Annett, 86 Nev. 700, 475 P.2d 607 (1970); Old West Enterprises v. Reno Escrow Co., 86 Nev. 727, 476 P.2d 1 (1970). Here the documents admitted into evidence at the hearing on the motion for summary judgment raised the question whether the respondent acquired title to the trailer after execution of the disclaimer. That was a factual question which remained unresolved. The trial court properly denied the motion for summary judgment.

The appellant also asserts that the trial court improperly denied his motion for a new trial. The testimony and evidence presented at the trial upon the merits was clearly conflicting. The appellant contended that the respondent had disclaimed any interest in the trailer, while the respondent testified that she had, subsequent to the execution of the disclaimer, purchased the trailer from Slingsby. An order denying a new trial will not be reversed on appeal where there is a material conflict in the evidence and there is some substantial evidence to support the determination. Nevada R. & S. Co. v. Grich, 59 Nev. 345, 93 P.2d 513 (1939). Here the evidence is conflicting and sufficient to support the judgment and warrant denial of the motion for a new trial.

Appellant's final contention is that the judgment of the lower

court is not supported by the weight of the evidence and is contrary to law. No argument or authority is presented in support of this issue. Because of that oversight, we could refuse to consider this contention. Riverside Casino v. J. W. Brewer Co., 80 Nev. 153, 390 P.2d 232 (1964). However, we have reviewed the record and find the judgment amply supported by sufficient evidence.

Is the judgment contrary to law? Here we are not confronted with the problem found in Godfrey v. Gilsdorf, 86 Nev. 714, 476 P.2d 3 (1970), where it was necessary to choose between our motor vehicle licensing and registration law and the entrustment provisions of the Uniform Commercial Code. Slingsby was not a merchant dealing in cars within the meaning of NRS 104.2403(2)(3). He was not given the power to transfer all the rights of the entruster, Iris O. Byrd, to a buyer in the ordinary course of business. Furthermore, there was believable testimony, before the trial court, that the appellant was made aware of the respondent's interest. The trial court was entitled to regard the appellant as one who had not purchased in good faith for value and one who had notice of the respondent's interest.

We are not concerned with the propriety of applying an estoppel against the respondent to achieve the purpose of 104.2403(2)(3), but are only concerned with the effect of the licensing and registration provisions of the motor vehicle code upon the judgment in this case. At the beginning of the trial the appellant was favored by two disputable presumptions, NRS 52.070(10) and NRS 52.070(11).[1] However, the record does not indicate that he relied upon them to establish his claim of ownership, but if we could so infer, those presumptions are overcome by the statutory provisions of the motor vehicle licensing and registration laws. NRS 482.240(3) provides in part: ". . . [A] certificate of ownership shall be valid until canceled by the department upon the transfer of interest therein." NRS 482.400 requires the legal owner and the transferee "to write their signatures with pen and ink upon the certificate of ownership issued for such vehicle, together with

---

[1]NRS 52.070(10): "That things which a person possesses are owned by him."

NRS 52.070(11): "That a person is the owner of property from exercising acts of ownership over it, or from common reputation of his ownership."

the residence address of the transferee in the appropriate places provided upon the reverse side of the certificate." Thereafter, one of them must deliver the certificate of title to the department of motor vehicles. The purpose of the statute is to provide a speedy and simple way to determine ownership and to prevent fraud and theft. In Godfrey v. Gilsdorf, supra, at 716, we said: "The licensing and registration provisions of the vehicle code are essentially police regulations and strict compliance with them appears to be the prevailing view. State v. Glenn, 423 S.W.2d 770 (Mo. 1968). The underlying policy and purpose of that regulatory scheme are best promoted by such a view."

The evidence supports the conclusion that the respondent's disclaimer was abrogated by her subsequent purchase of the trailer from Slingsby and that the appellant's physical possession supported by his bill of sale from Slingsby could not go to defeat her untainted certificate of ownership.

The orders and judgment of the district court are each affirmed.

ZENOFF, C. J., MOWBRAY and GUNDERSON, JJ., and COMPTON, D. J., concur.