BILL STREMMEL MOTORS, INC., DBA BILL STREMMEL PORSCHE/AUDI, APPELLANT, *v.* FIRST NATIONAL BANK OF NEVADA, A NATIONAL BANKING ASSOCIATION, RESPONDENT.

No. 9078

March 15, 1978        575 P.2d 938

*Vargas, Barlett & Dixon,* and *John P. Sande, III,* of Reno, for Appellant.

*Stewart and Horton,* and *Keith S. K. Ching,* of Reno, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This action was commenced by First National Bank (FNB) to recover $1,162.40 with interest, costs and attorneys fee from Bill Stremmel Motors, Inc. (Stremmel). The district court entered summary judgment for FNB. Stremmel asks our review of the propriety of that ruling.

The facts are admitted. Paul Stuart purchased a 1970 Cadillac from Stremmel and paid for it with his personal check. The salesman, Guy Peterson, prepared dealer's report No. D79439 listing Stuart & Assoc., Inc., as owner without encumbrance and forwarded the same to the Department of Motor Vehicles.[1]

---

[1]NRS 482.424 reads in pertinent part: "When a used . . . vehicle is sold in this state by a dealer, . . . the seller shall complete and execute a dealer's . . . report of sale. The dealer's . . . report of sale shall be in a form prescribed by the department and shall include a description of the vehicle, the name and address of the seller and the name and address of the buyer. If a security interest exists at the time of such sale, or if in connection with such sale a security interest is taken by a person who gives value to enable the buyer to acquire rights in the vehicle, the name and address of the secured party shall be entered on the dealer's . . . report of sale."

NRS 482.424(2): "[t]he seller shall submit the original of the dealer's . . . report of sale to the department within 45 days after the execution of the instruments which the contract requires to be executed at the time of sale . . .

Four days later, Stuart sought to borrow $1,765.90 from FNB to purchase the same Cadillac. The bank required a dealer's report from Stremmel listing FNB as the holder of a security interest in the car. Stuart obtained such a report from Guy Peterson, report No. 79445, delivered it to FNB and the loan was consummated. That report does not appear in Stremmel's files and was not forwarded to the Department of Motor Vehicles. Consequently FNB did not acquire a security interest in the car. NRS 482.432; 482.424; 482.427.

Stuart paid FNB monthly loan installments for six months and defaulted. FNB then learned that its security interest had not been perfected. Rather, it discovered that Stuart had taken dealer's report No. 79439 to Beneficial Finance and borrowed money in exchange for a perfected lien on the car. This action was commenced against Stremmel, Stuart & Assoc., Inc., Paul G. Stuart and Guy Peterson alleging fraud and negligence. Apparently only Stremmel was served with process. The other defendants did not appear, nor does the record reflect entry of their defaults.

In our view, summary judgment for FNB was correctly entered since the record before the district court established Stremmel's liability as a matter of law for negligently issuing a false dealer's report in violation of statute thereby causing damage to FNB.

1. Statute commands the seller to issue a dealer's report of sale which is true and to submit the original thereof to the Department of Motor Vehicles. NRS 482.424. For a period of time, normally about six weeks, this report is the only evidence of legal title and the identity of secured parties since there inevitably is administrative delay in issuing a certificate of ownership.

Heretofore we have indicated that strict compliance with the scheme of the vehicle code is essential. Godfrey v. Gilsdorf, 86 Nev. 714, 476 P.2d 3 (1970). Indeed, the duties imposed by the registration provisions of Chapter 482 are designed to provide

together with the properly endorsed certificate of title or certificate of ownership previously issued for such vehicle. . . . " Under NRS 482.427, the Department of Motor Vehicles, upon receipt of the dealer's report of sale, issues a new certificate of ownership. If a security interest is created by the sale, the certificate is issued to the secured party or his assignee. NRS 482.427(3). Compliance with NRS 482.424 and NRS 482.427 results in the perfection of a security interest in the vehicle and exemption from the requirement of filing a financing statement under NRS 104.9302. See NRS 482.432.

a speedy and simple way to determine ownership and to prevent fraud and theft. Perry v. Byrd, 87 Nev. 431, 488 P.2d 550 (1971).

FNB, a commercial lender, relied upon the dealer's report before consummating its loan to Stuart, was entitled to assume that it was true and that the seller, Stremmel, would submit the original thereof to the Department of Motor Vehicles. The report was false and was not delivered to the Department. This is a violation of NRS 482.424. As a consequence, FNB did not acquire a security interest in the car and sustained damage. It is apparent that FNB is a member of the class of persons for whose benefit the statutory duty was created. The theory of liability is expressed in Restatement (Second) of Torts § 552, 1977 ed., pp. 126–127. There it is stated:

> (1) One who, in the course of his business, profession or employment, or in any other action in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
>
> . . .
>
> (3) The liability of one who is under a public duty to give the information extends to loss suffered by any one of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them.

The tort is negligent misrepresentation. Cf. Eikelberger v. Rogers, 92 Nev. 282, 549 P.2d 748 (1976), where we rejected that theory of liability absent proof of reliance upon accounting statements by the party seeking damages.

2. It is not clear in Nevada whether violation of a statute designed to protect the plaintiff is merely evidence of negligence (Price v. Sinnott, 85 Nev. 600, 605, 450 P.2d 837 (1969), re administrative regulation), creates a presumption of negligence (Styris v. Folk, 62 Nev. 208, 219, 146 P.2d 782 (1944)), or is negligence as a matter of law, leaving only proof of cause to be resolved, Paso Builders, Inc. v. Hebard, 83 Nev. 165, 426 P.2d 731 (1967).

We need not resolve this question since, in any event, Stremmel has tendered nothing to controvert negligence, nor is there

a suggestion that Stremmel could do so if afforded an opportunity. Denial, by answer, does not create an issue of material fact. NRCP 56(e); Garvey v. Clark County, 91 Nev. 127, 532 P.2d 269 (1975); Adamson v. Bowker, 85 Nev. 115, 450 P.2d 796 (1969).

Affirmed.

BATJER, C. J., and MOWBRAY and GUNDERSON, JJ., and FONDI, D. J., concur.