W. LYNN MAGILL AND PAUL H. WRIGHT, APPEL-LANTS, *v.* JOBY LEWIS AND HELEN LEWIS, HIS WIFE, RESPONDENTS.

No. 4070

December 22, 1958.                    333 P.2d 717.

(Rehearing denied January 13, 1959.)

*Sidney W. Robinson,* of Reno, for Appellants.

*Vargas, Dillon & Bartlett,* of Reno, for Respondents.

## OPINION

By the Court, BADT, C. J.:

Appellant Magill, a licensed contractor in the State of Nevada, and appellant Wright, a licensed contractor in the State of California, entered into a contract with respondents for the construction of a casino, bar and restaurant building at Lake Tahoe in the Sierra Nevada mountains, within the State of Nevada, but fairly close to the California line, for the sum of approximately $130,000. The first cause of action in the complaint in the court below was for the balance of some $12,000 due on the contract. The second cause of action is based on fraud. It alleges that respondent Lewis, prior to March 29, 1955, desired the construction of the building so as to be ready for occupancy for the summer season of 1955 at the Lake, and on said date conferred with both plaintiffs and insistently requested such construction; that plaintiffs advised Lewis that Wright was not a licensed contractor under the laws of Nevada but was licensed in California and that Wright was prohibited by Nevada statutes from engaging in the contracting business in Nevada and that he could therefore not undertake the contract; that Lewis thereupon falsely and fraudulently and with intention to deceive and defraud the plaintiffs represented that Wright's failure to possess a Nevada contractor's license was immaterial to him as he was relying upon Wright's experience, skill, ability and qualifications rather than upon the guarantee thereof implied from the holding of a Nevada license; that he, Lewis, would not employ the lack of such license adversely to the plaintiffs; that he was satisfied so long as Magill had a Nevada license and that he would consider Magill's license as inuring to the benefit of the partnership or joint adventure; that said representations were false and known to Lewis to be false and that Lewis intended to use Wright's lack of a Nevada license as an excuse for refusing to pay in full on the contract; that

plaintiffs, believing and relying on these representations, were induced to enter into the agreement to furnish the labor and materials for the structure for the sum, of $130,000, to the end that Lewis was enabled to open for business June 17, 1955, and the building completed August 25, 1955; that Lewis failed to pay the balance due in the sum of $12,735; that plaintiffs in due course filed their lien and their suit to foreclose the same and that defendants answered, setting up Wright's lack of a Nevada license and moved for summary judgment; that such plea of the statute, if successful, would result in damage to plaintiffs in the sum of $12,735 by reason of the false and fraudulent representations alleged, all of which were set forth in an amended and supplemental complaint.

NRS sec. 624.230 provides that it shall be unlawful for any person, association etc., or any combination of any thereof, to engage in the business or act in the capacity of a contractor within the state or to bid a job situated within the state without having a contractor's license. The sections immediately following provide for the applications for license, examinations thereon, the showing that must be made by the applicant as to experience, financial responsibility, knowledge of building laws, etc., and proceedings for suspension or revocation of licenses, hearings thereon, etc.

NRS sec. 624.320 reads as follows: "No person, firm, copartnership, corporation, association or other organization, or any combination of any thereof, engaged in the business of acting in the capacity of a contractor shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any act or contract for which a license is required by this chapter without alleging and proving that such person, firm, copartnership, corporation, association or other organization, or any combination of any thereof, was a duly licensed contractor at all times during the performance of such act or contract and when the job was bid." NRS sec. 624.360 makes any violation of the chapter a misdemeanor, punishable by a minimum fine of

$50. On the basis of sec. 624.320 the trial court entered summary judgment for respondents.

Appellants first contend that the entry of a summary judgment under Rule 56 NRCP is precluded if there is any factual determination remaining for the court or jury. Parman v. Petricciani, 70 Nev. 427, 272 P.2d 492. This is conceded.

(1) They next contend that the second cause of action pleaded in the amended and supplemental complaint alleges fraud and sets up the factual issue for determination by court or jury as to whether the defendants, through the perpetration of such fraud, have attempted unjustly to enrich themselves; and that if the fraudulent actions of the defendants as pleaded can be proved by the plaintiffs, they are entitled to judgment despite the bar of the licensing statute precluding a recovery of compensation under the contract.

Respondents insist that if the statute can thus be circumvented by allegations such as those made by plaintiffs, then all such statutes can be rendered meaningless and their primary purpose defeated.

We start with the proposition that plaintiffs' second cause of action is not an action on the contract itself or for compensation for its performance, but one to prevent the defendants' unjust enrichment of themselves accomplished by means of the fraud practiced by them upon the plaintiffs.

Various means and remedies have been employed to afford relief outside of the domains of technical contracts and torts. Unjust enrichment, restitution, quasi contract, implied contract, resulting and constructive trusts, accounting, etc., are some of the means thus employed. See 46 Am.Jur. 99–101, Restitution and Unjust Enrichment, for numerous instances and examples. Denning v. Taber, 70 Cal.App.2d 253, 160 P.2d 900 (hearing denied

by the Supreme Court), which afforded relief by accounting in the case of a transaction illegal because of failure to secure a bar permit, was referred to as the leading case on the subject in the later case of Norwood v. Judd, 93 Cal.App.2d 276, 209 P.2d 24 (hearing of Supreme Court denied). There, after approving the general rule on which respondent relies (see Hooper v. Barranti, 81 Cal.App.2d 570, 184 P.2d 688) and after conceding a contrary view expressed in some cases, the court notes numerous cases in which exceptions to the general rule have been recognized. Then, after approving the reasoning in the Denning case as "most convincing," the court says [93 Cal.App.2d 276, 209 P.2d 31]: "The rule that the courts will not lend their aid to the enforcement of an illegal agreement or one against public policy is fundamentally sound. The rule was conceived for the purposes of protecting the public and the courts from imposition. It is a rule predicated upon sound public policy. But the courts should not be so enamored with the latin phrase 'in pari delicto' that they blindly extend the rule to every case where illegality appears somewhere in the transaction. The fundamental purpose of the rule must always be kept in mind, and the realities of the situation must be considered. Where, by applying the rule, the public cannot be protected because the transaction has been completed, where no serious moral turpitude is involved, where the defendant is the one guilty of the greatest moral fault, and where to apply the rule will be to permit the defendant to be unjustly enriched at the expense of the plaintiff, the rule should not be applied. That is the theory of the Denning case, and of the other cases above cited, and we think it is the correct and more enlightened rule."

Norwood v. Judd may now be considered the leading case on the subject. Decided in 1949, it has been followed or cited with approval in numerous cases from 1954 to 1958. Among these we may note particularly Grant v. Weatherholt, 123 Cal.App.2d 34, 266 P.2d 185, Wilson v. Stearns, 123 Cal.App.2d 472, 267 P.2d 59, and Kennard

v. Rosenberg, 127 Cal.App.2d 340, 273 P.2d 839, as being in point here. In Grant v. Weatherholt the court fully recognized the nullifying effect of the statute. "Plaintiff's contract with the corporation was void. He could not recover on the contract, nor for breach of it, nor for the value of work done or for moneys expended thereunder." It said further, however: "The courts will not impose penalties for noncompliance in addition to those that are provided expressly or by necessary implication." If in the instant case we should preclude a remedy against defendants' unjust self-enrichment by means of their own fraud, we would be imposing a penalty beyond and in addition to that provided by the statute. This, under the reasoning and authorities found in Norwood v. Judd, supra, with which we are in entire accord, we decline to do. Nor on the other hand are we called on to decide, and we do not decide, that mere allegations of fraud without a showing of a resulting unjust enrichment would invoke the powers of the court to afford relief.

(2) Respondents further contend that the allegations of fraud as made by plaintiffs do not present a case of unjust enrichment, but that such theory is presented for the first time on this appeal. They concede that if the statute as an absolute bar must be sustained as to the $12,000 balance claimed by plaintiffs, the same situation would exist if respondents had paid no part of the $130,-000 contract and they possessed the entire building without payment therefor.

As to this contention, we are satisfied that under our liberalized rules of pleading these points are not fatal to a recovery. Under Rule 54(c) NRCP "* * * every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." A satisfying analysis of this rule is found in the discussion by Barron & Holtzoff, sec. 1194, pp. 35–37: "The second sentence of Rule 54(c) provides that in non-default cases the judgment is not limited in kind or amount by the

demand for relief, but may include whatever relief the successful party is entitled to, regardless of the demand. This provision implements the general principle of Rule 15(c), that in a contested case the judgment is to be based on what has been proved rather than what has been pleaded. It is a necessary rule in a merged system of law and equity; indeed the difficulties which some states have had in implementing the merger of law and equity stems from a failure to grasp and to apply this principle. Any rule other than that stated in the second sentence of Rule 54(c) would mean preservation of the distinctions between law and equity and of the various forms of action which these rules are intended to abolish.

"Thus the rule provides that the demand for judgment loses much of its restrictive force if the case is at issue. Particular legal theories of counsel then are subordinated to the court's right and duty to grant the relief to which the prevailing party is entitled whether demanded or not. If a party has proved a claim for relief the court will grant him that relief to which he is entitled on the evidence regardless of the designation of the claim or the prayer for relief. The prayer for relief may be of help as indicating the relief to which the plaintiff may be entitled, but it is not controlling, and the question is not whether the plaintiff has asked for the proper remedy but whether he is entitled to any remedy."

The above quotation likewise disposes of the significance attached to plaintiffs' prayer for judgment for the balance due under the contract. Such is not the measure of the relief that may be afforded. We are concerned here, not with the amount due as compensation under the contract, but with the amount by which defendants have been unjustly enriched. (But see Restatement of Restitution, sec. 1(e).) In Glen Falls Indemnity Co. v. Golden, D.C.D.C. (1957), 148 Fed. Supp. 41, 43, the court was confronted with the same question presented here, namely, whether relief in unjust enrichment would be afforded under a complaint alleging fraud. In answering this question in the affirmative, the federal court stated:

"The Federal Rules of Civil Procedure, Rule 54(c), 28 U.S.C.A., have carried this principle [(that equity may adjust its relief to the proof)] into civil actions generally and expressly provide that a party is not bound by his prayer for relief but may receive such relief as the proof shows him to be entitled to."

Reversed with costs and remanded for new trial.

MERRILL, J., concurs.

(NOTE: McNAMEE, J., having become a member of the court after argument and submission of the case, did not participate in the foregoing opinion.)