VIC HAVAS, DOING BUSINESS AS VIC HAVAS MOTORS, APPELLANT, v. JUNIUS ANDERSON, RESPONDENT.

No. 4511

September 25, 1962                    374 P.2d 523

*Calvin C. Magleby,* of Las Vegas, for Appellant.

*Berkson and Phillips,* of Las Vegas, for Respondent.

## OPINION

By the Court, BADT, C. J.:

Anderson sued Havas under a complaint on two counts. The first count is in replevin alleging plaintiff's ownership and right of possession of a 1957 Oldsmobile of the value of $1,000, unlawfully and illegally detained by the defendant, which had not been taken for taxes, assessment, or a fine pursuant to statute or seized under an execution or attachment against the property of the plaintiff. The second cause of action is for rescission of a contract alleged to have been induced by false representations. The contract was for the purchase of a 1959 Pontiac, under the "first contract," for $3,500. This was arrived at as follows:

| | | |
|---|---|---|
| Sale price | | $3,995 |
| Sales tax | | 80 |
| | Total | $4,075 |
| Trade-in allowance for '57 Olds | $1,000 | |
| Less payoff to bank | 400 | |
| | | 600 |
| | Total | $3,475 |
| Registration and transfer fees | | 25 |
| | Total | $3,500 |

The "second contract" was for $3,500 as above, plus $1,600 for "time price differential" of $1,600, making a total of $5,100.

The first contract was entered into as a cash sale, as Anderson thought he would be able to finance the same through a bank or some finance company. When it developed that he was unable to finance the deal, the second contract was entered into. The terms were identical with the first contract as to fixing the total balance at $3,500. Instead of a cash sale, however, it provided for a $300 down payment and 50 monthly payments of $96 each, and added a "time price differential" of $1,600, bringing the total to $5,100. When Havas discovered that the payoff to the bank on Anderson's 1957 Olds was not $400 but $800, he demanded an additional $320 cash payment, it having been agreed by the parties that if the $400 figure was not accurate the contract would be adjusted in accordance with the true figure.

Anderson refused to go on with the transaction, returned the 1959 Pontiac to Havas and demanded the return of his 1957 Olds and the return of his payment of $300. (This $300 he had borrowed from a finance company in order to make the payment to Havas.) Upon Havas's refusal, Anderson commenced his action.

Although Anderson had signed the two contracts and had affirmatively alleged his execution of the contracts, the court found that there had been no meeting of the minds and no contract. It adjudged the return to Anderson of the 1957 Olds, with no alternative provision for payment of its value if delivery could not be had. It further adjudged that Havas return to Anderson the $300 down payment. It further adjudged that Anderson pay to Havas the payoff which Havas had paid to the bank which existed as a lien against the Olds, less credit for return of insurance premium on the Olds. The amount of such insurance premium nowhere appears.

Havas appealed and assigns as error (1) the court's failure to render an alternative judgment for the possession of the automobile or the value thereof; (2) that the court's findings of fact are clearly erroneous; and (3)

that the court should have entered a judgment that plaintiff take nothing.

(1) With reference to the failure of the court to render an alternative judgment for the return of the Olds or its value, respondent recognizes that this court has held such judgment to be error. In Ex parte Havas, 78 Nev. 237, 371 P.2d 30. However, respondent says that this court may itself correct the judgment or may remand with instructions to the trial court to make the correction, otherwise affirming. In urging this course of action, the respondent directs our attention to the following language in Ex parte Havas, supra: "The record contains evidence from which the court could have fixed the value of the Oldsmobile that was the subject of the replevin action, thus affording to the court sufficient data for a judgment requiring, in the alternative, the delivery of the automobile, or its value, in case delivery could not be had, and damages for its unlawful detention." Such language does not indicate that had the judgment been in correct form, i.e., in the alternative, that it would be sufficient to withstand attack by appeal upon the merits. Ex parte Havas was a habeas corpus proceeding. The sufficiency of the evidence to support the findings of fact made was not presented as an issue in that case; it is presented as an issue on this appeal. Therefore, not only must the value of the Oldsmobile be determined by the trial court, but in addition, we must at this time determine whether the record is sufficient to sustain those findings which are necessary to the judgment entered in respondent's favor. For the reasons hereinafter set forth, we believe that the record does not support the cause of action for rescission, nor does it support the finding of the trial court that the contracts were not entered into by the parties. Accordingly, a mere correction of the judgment to provide alternative relief, i.e., delivery of the automobile, or its value, will not suffice.

(2) Plaintiff's complaint prayed for judgment for a rescission of both contracts, for the return of his $300, for the return of the 1957 Olds, with damages, or $1,000 for the conversion, plus attorney fees and costs. As

noted, the court found that the agreement was never completed and that there was never a meeting of the minds. In its oral opinion at the conclusion of the testimony the court reviewed the negotiations leading up to the signing of the two contracts and concluded that the minds of the parties had never met. It found that there was insufficient evidence to sustain an award for plaintiff's loss of the use of the Olds. It refused to allow anything for the $400 worth of repairs made upon the Olds under the undisputed testimony of the appellant, for the reason that this was "more than offset against the fact that the defendant has had the use and retention of plaintiff's car for more than a year and a half during which time it has necessarily depreciated to the detriment of plaintiff."

In view of the fact that the parties had actually signed both the first contract and the second contract, the fact that plaintiff had specifically pleaded both contracts, alleged their execution by the parties, introduced them in evidence, and prayed for a judgment of rescission by reason of defendant's fraudulent representations, it is difficult to justify the holding that the minds of the parties had never met. It is true that Anderson testified that he could neither read nor write. He could read and understand figures, however, and clearly understood what the figures under both contracts meant. He was no stranger to installment contracts. He had actually bought his 1957 Olds from Havas under an installment contract and bank financing. The trial court did not rely upon nor did it even mention Anderson's illiteracy.

Respondent insists that he was entitled to the judgment he received under the facts proved irrespective of his pleadings. He refers to NRCP 54(c) and to Magill v. Lewis, 74 Nev. 381, 388, 333 P.2d 717, wherein we held that the court may grant a party that relief to which he is entitled on the evidence regardless of the designation of the claim or the prayer for relief. The trial court did not find fraud. Indeed, there is no evidence of fraud. Having found that there was no contract, the court then apparently attempted to restore the parties to the *status quo ante contractum abortivum.*

Thus it gave Anderson back his Olds and his $300 and required Anderson to pay Havas the amount of Havas's payoff to the bank on the Olds, less what he had recovered from the cancellation of the Olds's insurance. The amount of such refund, however, never appeared. It might have been $100 or $10. Havas's payoff was $798.97, but the court did not make the delivery of the Olds subject to the repayment by Anderson to Havas of this sum. (When Anderson demanded the return of his Olds he made no offer to reimburse Havas for the latter's payoff on that car.) Moreover, Havas had testified, without contradiction, that he had put various repairs into the Olds at an expense of approximately $400. The court refused to allow anything for this item on the ground that it was more than offset by Havas's retention of the Olds for a year and a half and the car had necessarily depreciated. There was no evidence of such depreciation or of the extent thereof in dollars and thus no support for such offset.

Thus we find that there are too many things missing from the record to permit us to send the case back for a limited new trial.

At the oral argument Anderson abandoned his second cause of action, leaving the case a simple one in replevin. This, then affects not only the plaintiff's complaint but the defendant's answer, and new pleadings may be in order.

The judgment is reversed with costs and remanded for a new trial without prejudice to the right of either party to amend his pleadings.

MCNAMEE and THOMPSON, JJ., concur.