## BETTY ELIZABETH MORRIS, Appellant, *v.* JAMES WILLIAM MORRIS, Respondent.

No. 5294

November 1, 1967                    432 P.2d 1022

*C. R. Tice* and *Michael L. Hines,* of Las Vegas, for Appellant.

*McNamee, McNamee & Rittenhouse,* of Las Vegas, for Respondent.

## O P I N I O N

By the Court, COLLINS, J.:

This is an appeal from a judgment granting divorce to a husband without an award of alimony to his long-time wife, when she neither pleaded facts showing her need, the husband's ability to pay alimony, nor prayed for such relief. A subordinate question involves the correctness of a ruling on a general objection under NRCP 46. We find no error and sustain the judgment.

Appellant wife (defendant below) and respondent husband (plaintiff below) were married in 1937. In 1965, after a separation of some 10 years, the husband commenced this action for divorce. His complaint alleged residency in Nevada, the marriage, the absence of minor children, the lack of community property and the mental cruelty of the wife. The wife was personally served with substitute process in another jurisdiction. She appeared personally through counsel and, without making any preliminary motions, answered the husband's complaint. She denied his Nevada residence upon information and belief, denied the lack of community property and the existence of mental cruelty toward the husband and alleged she was without funds and entitled to an award of $500 attorney's fee. Her sole prayer was that the husband take nothing by his complaint and that it be dismissed. There were no allegations of fact in her answer that she needed support from the husband or that he had the ability to pay. She filed no counterclaim.

A trial was had. The husband appeared in person and with his counsel. The wife appeared only through counsel. During cross-examination of the husband, the wife's counsel asked him questions about money he had formerly sent his wife. A general objection to that line of questioning by the husband's counsel was sustained by the court, with a comment by the judge that the questions were irrelevant because alimony had not been requested. The wife's counsel accepted the ruling and indicated he was not aware alimony had not been sought. He asked one other question and ended his cross-examination. At no time during the trial did the wife's counsel ask to amend his pleadings or prayer to include the necessary allegations for

alimony, offer to make proof of facts which would either support an amendment to the pleadings seeking alimony or support an award of alimony or take any other action directly or indirectly to put that issue before the court. No testimony or evidence was offered on behalf of the wife.

The court thereupon granted judgment of divorce to the husband in accordance with his prayer. No relief was accorded the wife.

The main issue presented by this appeal is the correctness of the trial court's ruling in sustaining the objection to testimony directed to the issue of alimony. A lesser issue deals with the legal propriety of an objection in general form.

The clear import of the Nevada Rules of Civil Procedure is to enable litigants to try fully their issues before the court, whether raised expressly by the pleadings or not. NRCP 15(a), (b), (c) and (d) indicate the great liberality with which pleadings can be amended and issues raised before, during or after trial. Furthermore, NRCP 54(c) directs that, "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." This court discussed the liberality of NRCP 54(c) in Magill v. Lewis, 74 Nev. 381, 387, 333 P.2d 717 (1958), and pointed out the great elasticity of the rule. But even these rules are not without some limitations.

This record indicates absolutely no effort, directly or indirectly, to place the issue of alimony before the court in a meaningful, understandable way. We cannot expect or require our trial courts to be clairvoyant about issues which may lurk in the minds of counsel or his client. Under rules of pleading and practice more must be done than is shown by this record before we can say the trial court erred in failing to consider an issue, or grant appropriate relief.

Appellant also urges that the trial court erred under NRCP 46 in sustaining the general objection of the husband's counsel to the questions on cross-examination recited above. This contention is without merit. NRCP 46 and the rule against general objections relate not to the ability of the trial court to sustain the objection, but to the preservation of the issue for appeal

if the objection is overruled. When evidence is clearly objectionable and there is no theory under which it may properly be admitted (as it was here without further action or effort by the wife's counsel), such objections are proper. If it was the purpose and object of the wife's counsel to inject alimony as an issue in the trial, his inaction and acquiescence in the ruling failed to preserve the point for our consideration on appeal.

The judgment is affirmed.

THOMPSON, C. J., ZENOFF, J., BATJER, J., and MOWBRAY, J., concur.