**In re: SUNRISE SUITES,
INC., Debtor.**

**Harry M. Weiss & Associates, P.C.,
Plaintiff—Appellant,**

v.

**Eric Nelson Auctioneering, et al.,
Defendants—Appellees.**

**No. 01–17144.**

**D.C. No. CV–00–01269–RLH/LRL.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2002.

Decided Jan. 27, 2003.

Before BRIGHT,* HAWKINS and W. FLETCHER, Circuit Judges.

## MEMORANDUM**

Harry M. Weiss & Associates, P.C. (the "Firm"), appeals the district court's affirmance of the bankruptcy court's grant of summary judgment to defendant Eric Nelson Auctioneering ("Nelson"). We affirm in part and reverse in part.

I.   Contractual Claims

Even if we assume that a contract was formed between the Firm and Nelson, the Firm would be barred from making a contractual claim for a commission under Nevada law because neither the Firm nor Mr. Weiss held a Nevada real estate li-

---

* Honorable Myron H. Bright, United States Circuit Judge for the Eight Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cense at the time of the auction. N.R.S. §§ 645.270; 645.280(1).

The Firm contends that it satisfies an exception to the licensing requirements, citing the exception for "[a] receiver, trustee in bankruptcy, administrator or executor, or any other person doing any of the acts specified in [the real estate licensing statute] under the jurisdiction of any court." N.R.S. § 645.240(2)(d). Because the auction itself was conducted under the jurisdiction of the bankruptcy court, the Firm argues that everyone involved with the auction is exempt from licensing requirements.

This exception cannot be construed so broadly. Although in *Matter of Womack, Inc.*, the bankruptcy court found that a California real estate broker qualified for the exception, the court was "openly aware" of the broker's efforts to find a buyer and the broker was essentially "acting under [the court's] direction" when he made the sale arrangements. 1 B.R. 95, 97 (Bankr.D.Nev.1979). In contrast, in this case, the bankruptcy court was completely unaware of the Firm and the Firm certainly was not acting under the "direction" of the court as the broker was in *Womack*.

■ The Firm also contends it is not barred from receiving the commission because Nevada law provides an exception for "services rendered by an attorney at law in the performance of his duties as an attorney at law." N.R.S. § 645.240(2)(c). The duties actually performed by Mr. Weiss during the auction, however, were not duties as an attorney. Discussing the value of the properties, advising his client of the progress of the auction by cell phone, and advising his client how much and when to bid do not involve the giving of legal advice. *Heilman v. Suburban Coastal Corp.*, 506 So.2d 1088, 1089 (Fla. Dist.Ct.App.1987) ("Bidding at a foreclo-

sure sale by a lawyer for his client is NOT the practice of law. It does not involve the rendition of legal services which call for the exercise of the professional judgment of a lawyer."); *see also Pioneer Title Ins. & Trust Co. v. State Bar of Nev.*, 74 Nev. 186, 193–94, 326 P.2d 408 (1958) (holding practice of law involves exercise of judgment, such as determining the legal sufficiency of documents).

Because the Firm can satisfy neither exception to the Nevada real estate licensing requirements, the bankruptcy court correctly granted summary judgment to Nelson on all of the Firm's contractual claims for relief.

## II. Breach of Fiduciary Duty and Constructive Fraud

■ As auctioneer, Nelson acted as a dual agent for both buyer and seller. The Firm was neither. The bankruptcy court thus correctly found that the Firm had "failed to allege facts sufficient to show that [Nelson] owed any fiduciary or statutory duties" to the Firm. *See Jory v. Bennight*, 91 Nev. 763, 767, 542 P.2d 1400 (1975) (fiduciary relationship arises between a broker and a person to whom the broker has undertaken to provide professional services).

The bankruptcy court also correctly concluded that Nelson was entitled to summary judgment on the Firm's constructive fraud claim. "Constructive fraud" requires the breach of a duty arising from a fiduciary or confidential relationship. *Perry v. Jordan*, 111 Nev. 943, 946–47, 900 P.2d 335 (1995). A confidential relationship "exists when one party gains the confidence of the other and purports to act or advise with the other's interest in mind; ... it is particularly likely to exist when there is a family relationship or one of friendship." *Id.* at 947, 900 P.2d 335 (in-

ternal citations and quotations omitted). The Firm has not alleged facts to support finding such a relationship existed between it and Nelson, two arms-length businesses with no relationship whatsoever until two days prior to the auction.

## IV. Unjust Enrichment[1]

■ The bankruptcy court, however, erroneously concluded that the Firm's claim for unjust enrichment failed as a matter of law. Unjust enrichment is the "retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Topaz Mut. Co., Inc. v. Marsh*, 108 Nev. 845, 856, 839 P.2d 606 (Nev.1992) (quoting *Nev. Indus. Dev. v. Benedetti*, 103 Nev. 360, 363 n. 2, 741 P.2d 802 (1987)). Its essential elements are "a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit." *Id.* (quoting *Unionamerica Mtg. v. McDonald*, 97 Nev. 210, 212, 626 P.2d 1272 (1981)).

The bankruptcy court concluded that the Firm's conduct did not confer a benefit upon Nelson, because the Firm's actions were also intended to benefit its client. But by advising its client and assisting its client in the bidding, the Firm helped to deliver a successful bidder and close the sale, resulting in a significant commission to Nelson. That the auctioneer would customarily share a percentage of that commission with a participating broker illustrates the fact that a buyer's broker is indeed conferring a benefit on both his client *and* the other broker by bringing a qualified buyer to the table and closing the deal.

In this case, Mr. Weiss alleges that prior to his participation in the auction, he in-

formed Eric and Aleda Nelson that he was registering as an agent for an undisclosed purchaser, that he intended to make a claim for the 1% commission if the bidder was successful, and that both individuals indicated this was acceptable to them. Mr. Weiss also alleges that he relied to his detriment upon the Nelsons' representations about his entitlement to the commission and would not have otherwise participated in the auction. If proven true, these allegations could establish that "principles of justice or equity and good conscience" require Nelson to share a portion of the commission with the Firm. *See id.*

Accordingly, we reverse the grant of summary judgment on this claim and remand to the district court with instructions to remand to the bankruptcy court for the trier of fact to determine whether Nelson was unjustly enriched, and if so, to what extent.

AFFIRMED IN PART and REVERSED IN PART. Each party to bear its own costs.

---

**1.** The Firm's lack of a real estate broker's license does not preclude it from seeking qua-si-contractual relief. *See Magill v. Lewis*, 74 Nev. 381, 386, 333 P.2d 717 (1958).