**HARRY M. WEISS & ASSOCIATES, P.C., Appellant,**

v.

**ERIC NELSON AUCTIONEERING, Appellee.**

No. 07–15760.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 20, 2008.

Filed Dec. 1, 2008.

Luther M. Snavely, Esquire, Garcia–Mendoza & Snavely Chtd., Las Vegas, NV, for Appellant.

Gerald M. Gordon, Brigid M. Higgins, Esquire, Gordon & Silver Ltd, Las Vegas, NV, for Appellee.

Before: GOODWIN, KLEINFELD and IKUTA, Circuit Judges.

MEMORANDUM *

Harry M. Weiss & Associates, P.C. ("the Firm") appeals the district court's judg-

* This disposition is not appropriate for publication and is not precedent except as provided

ment affirming the bankruptcy court's judgment in favor of Eric Nelson Auctioneering ("Nelson"). The bankruptcy court found that the Firm was not entitled to a commission when it acted as the agent for the top bidder in an auction. In 2000, the bankruptcy court granted summary judgment against the Firm on all seven of its claims, in part because the Firm, an unlicensed broker, was barred from seeking relief under Nevada law. This court reversed as to the unjust enrichment claim because the Firm's lack of a broker's license did not preclude it from seeking quasi-contractual relief. *Harry M. Weiss & Assocs., P.C. v. Eric Nelson Auctioneering (In re Sunrise Suites, Inc.)*, 56 Fed. Appx. 776, 779 (9th Cir.2003). On remand, after a two-day trial, the bankruptcy court again entered judgment against the Firm on the unjust enrichment claim, and the district court affirmed.

■ First, the Firm argues that the bankruptcy court ignored the law of the case. In the previous appeal, we held that the Firm's unjust enrichment claim did not fail as a matter of law. *Id.* As a result, we "remand[ed] to the district court with instructions to remand to the bankruptcy court for the trier of fact to determine whether Nelson was unjustly enriched, and if so, to what extent." *Id.* On remand, the bankruptcy court found that the Firm could not satisfy the four-part test set forth in *Magill v. Lewis*, 74 Nev. 381, 386, 333 P.2d 717, 719 (1959), that an unlicensed broker must meet in order to bring an unjust enrichment claim in Nevada, in part because the Firm failed to prove unjust enrichment, the fourth *Magill* factor. The bankruptcy court did not ignore the law of the case because our previous decision simply reversed a grant of summary judgment. The merits of the case were left to the trier of fact, the bankruptcy

court, to decide. The law of the case doctrine does not extend to issues an appellate court did not decide. *Rebel Oil Co. v. Atlantic Richfield Co.*, 146 F.3d 1088, 1093 (9th Cir.1998).

■ Next, the Firm argues that the bankruptcy court erred in finding that the Firm did not detrimentally rely on Nelson's alleged representations. We review the bankruptcy court's factual findings for clear error. *Salazar v. McDonald (In re Salazar)*, 430 F.3d 992, 994 (9th Cir.2005). Ample evidence supports the bankruptcy court's finding that, prior to the auction, Nelson made no representation that eligibility for the commission was independent of one's qualification as a licensed broker. The bankruptcy court did not err in finding that the Firm's expectation of a commission was based solely on the Firm's mistaken interpretation of the broker requirements. The court's determination that Nelson's version of events was more credible than the Firm's account is not clearly erroneous.

Finally, the Firm argues that the bankruptcy court erred in finding that Nelson was not unjustly enriched. However, the bankruptcy court did not clearly err in finding that the Firm did not prove three of the four *Magill* requirements. Substantial evidence supports the court's finding that the Firm was at fault rather than Nelson.

**AFFIRMED.**